## IN THE COUNTY CIVIL COURT OF THE
## 9TH JUDICIAL CIRCUIT ORANGE COUNTY,
## STATE OF FLORIDA

**FRED JENKINS,**

**Plaintiff,**

-vs-

NCC BUSINESS SERVICES, INC.,

**Defendant.**

Case No.
HON.

/

LAW OFFICES OF BRIAN P. PARKER, P.C.
BRIAN P. PARKER (0980668)
Attorney for Plaintiff
30700 Telegraph Rd., Suite 1580
Bingham Farms, MI 48025
(248) 642-6268
(248) 642-8875 (FAX)
brianparker@collectionstopper.com
WWW.COLLECTIONSTOPPER.COM

/

### COMPLAINT AND DEMAND FOR JURY

Plaintiff, **FRED JENKINS**, by and through counsel, brings this action against the above

listed Defendant, **NCC BUSINESS SERVICES, INC.,** on the grounds and in the amounts set

forth herein:

### I. PRELIMINARY STATEMENT

The Plaintiff brings this action for damages based upon the Defendant's violations of the

Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq,* and seeks actual damages,

costs and attorney's fees.

EXHIBIT "A"

## II. PARTIES

1.

The Plaintiff is a natural person and consumer, a resident of Orlando, Orange County, Florida, and a "consumer" as defined by 15 U.S.C. § 1692a(3).

2.

The Defendant is a Debt Collector with its registered agent located in the Bingham Farms, Michigan and the actions in this case taking place at Plaintiff's home location in Orange County.

3.

The Defendant is engaged in the collection of debts from consumers using the mail and telephone. The Defendant regularly attempts to collect consumer debts alleged to be due another and is a "debt collector" as provided in 15 U.S.C. § 1692a(6).

### III. JURISDICTION AND VENUE

4.

This court has subject matter jurisdiction over this Complaint pursuant to FDCPA, 15 U.S.C. § 1692 *et seq*. The venue is proper in any court of competent jurisdiction under 15 U.S.C. § 1692k(d).

### IV. STATUTORY STRUCTURE

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

5.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers

against debt collection abuse. 15 U.S.C. § 1692.

6.

Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

7.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

8.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

9.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

10.

A debt collector may not violate the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

11.

Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorneys' fees as determined

by the Court and costs of this action. 15 U.S.C. § 1692k.

12.

The Florida Consumer Collection Practices Act (FCCPA), 559.55 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

13.

A "Debt Collector" means any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The term "debt collector" includes any creditor who, in the process of collecting her or his own debts, uses any name other than her or his own which would indicate that a third person is collecting or attempting to collect such debts. Florida Statutes, Sections 559.55 (6).

14.

"Debtor" or "consumer" means any natural person obligated or allegedly obligated to pay any debt. Florida Statutes, Sections 559.55 (2).

15.

"Debt" or "consumer debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Florida Statutes, Sections 559.55 (1).

16.

Prohibited acts by debt collectors or collection agencies under Florida Statutes, Sections 559.72, include:

(4) Communicate or threaten to communicate with a debtor's employer prior to obtaining final judgment against the debtor, unless the debtor gives her or his permission in writing to contact her or his employer or acknowledges in writing the existence of the debt after the debt has been placed for collection, but this shall not prohibit a person from telling the debtor that her or his employer will be contacted if a final judgment is obtained; and

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

17.

Under  Florida Consumer Collection Practices Act, 559.77 et seq.(1 and 2) A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this act may bring an action for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.  In an action brought pursuant to subsection (1 and 2), in determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the  defendant's noncompliance with  559.72,  the  frequency  and  persistence  of  such noncompliance, and the extent to which such noncompliance was intentional.

## V. FACTUAL ALLEGATIONS

18.

Plaintiff has received numerous phone calls from Defendant representatives in regards to the collection of the alleged debt. The Defendant calls from (904) 753-3033.

19.

Plaintiff has repeatedly told Defendant to stop calling him at his place of employment. However, Defendant continues to call Plaintiff even after Plaintiff specifically told Defendant he cannot receive personal phone call while he is working. **Please see attached Exhibit No. 1. Para. 3.**

20.

Defendant has been calling Plaintiff for about six (6) months, and to date, Plaintiff has not received anything in writing from Defendant. **Please see attached Exhibit No. 1. Para. 4.**

21.

Plaintiff has asked Defendant to send him something in writing and Plaintiff has yet to received anything. **Please see attached Exhibit No. 1. Para. 5.**

22.

Plaintiff's co-worker, Yoly Gomez, witnessed phone calls from Defendant to Plaintiff's place of employment after Defendant has been told to stop calling Plaintiff at work. **Please see attached Exhibit No. 2. Paragraphs. 1 and 2.**

23.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA and FCCPA.   **Please see Exhibit No. 3.**

24.

Plaintiff seeks judgment against the Defendant in whatever amount less than of $15,000 that Plaintiff is entitled to and the costs and expenses of this action.

## VI. CAUSES OF ACTION

### CLAIM AGAINST DEFENDANT UNDER THE FDCPA

25.

The defendant has violated the FDCPA, 15 U.S.C. § 1692e (10) by the use of false representations and deceptive means in pursuing Plaintiff for a debt. **Please see attached Exhibit No. 1. Paragraphs 2, 3, 4 and 5.**

26.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. **Please see attached Exhibit No. 1. Paragraphs 2, 3, 4, and 5.**

27.

Defendant has violated the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt. **Please see attached Exhibit No. 1. Paragraphs 2 , 3, 4, and 5.**

28.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number. **Please see attached Exhibit No. 1. Paragraphs 2, 3, and 4.**

29.

Defendant has violated the FDCPA, 15 U.S.C. §1692c(a)(3) by communicating with the consumer at the consumer's place of employment when the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication. **Please see attached Exhibit No. 1. Paragraph 3. and Exhibit No. 2. Paragraphs 1 and 2.**

30.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA.

## CLAIM AGAINST DEFENDANT UNDER THE FCCPA

31.

Defendant has violated 559.72 (4) by communicating or threatening to communicate with a debtor's employer prior to obtaining final judgment against the debtor, unless the debtor gives her or his permission in writing to contact her or his employer or acknowledges in writing the existence of the debt after the debt has been placed for collection, but this shall not prohibit a person from telling the debtor that her or his employer will be contacted if a final judgment is obtained. **Please see attached Exhibit No. 1. Paragraph 3.**

32.

Defendant has violated 559.72(7) by using a harassing, oppressive or abusive method to collect on a debt. **Please see attached Exhibit No. 1. Paragraphs 2, 3, 4, and 5.**

33.

Upon adverse adjudication, the Defendant shall be liable for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with s. 559.72, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional.

34.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FCCPA.

35.

As a result of the actions of Defendant, Plaintiff hired the undersigned counsel. Counsel has been an attorney in good standing for almost 16 years and has handled thousands of consumer cases, personally. Counsel is known in his field of a consumer advocate and a competent, experienced consumer trial attorney. As a result, counsel's time is billed at the reasonable rate of $350.00 an hour.

36.

Plaintiff seeks judgment against the Defendant in whatever amount that Plaintiff is

entitled less than $15,000, consequential damages and the costs and expenses of this action.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grants the following relief against the
Defendant:

1.   For compensatory damages;

2.   For statutory damages under the FDCPA;

3.   For $1,000 and actual damages under 559.72;

4.   For attorneys' fees and costs incurred in this action under the FDCPA and

     FCCPA;

5.   For Damages under the FCCPA, and

6.   For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

This 27th day of August, 2010.

Respectfully submitted,

BRIAN P. PARKER (0980668)
Attorney for Plaintiff
30700 Telegraph Road, Suite 1580
Bingham Farms, MI 48025
(248) 642-6268
brianparker@collectionstopper.com